# April Term

## XII Geo. 3.

*Worcefter fs.*

---

### Hooton *verf.* Grout. (1)

1772.

HOOTON
*v.*
GROUT.

Rec. 1772.
Fol. 54.

QUESTION : Whether Lands and Tenements mortgaged may be taken in Execution for fatisfying the Mortgagee's juſt Debts.

Anſwer : The Province Law, 8 W. 3, c. 3, provides that all Lands and Tenements belonging to any

Lands and Tenements mortgaged may be taken in Execution for fatisfying the Mortgagee's juſt Debts.

A Deed was received in Boſton by the Regiſter of Deeds for Worceſter, for Record. Five Days after, the Land was attached, and ſubfequently on the ſame

(1)The following opinion is by Judge Trowbridge. See note at the end of the cafe. The queſtions of law were raiſed as uſual by a ſpecial verdiƐt, as follows :

—— " That David Page, who was vouched in and admitted to defend " this AƐion on the 30th day of June, A. D. 1761, was ſeized of the " demanded premiſes in fee & on the ſame day gave his bond conditioned " for the payment of One Thouſand Pounds Lawful Money to Nathan- " iel Wheelwright, ſince dece'd, in one year, which is in the Cafe; and " alſo at the ſame time gave his deed of Mortgage to the ſ'd Wheel- " wright of the ſaid premiſes and other Lands as a Collateral Security " for the payment of the money due on ſaid Bond, which deed is alſo " in the Cafe, that the ſaid Nath'l, on the 10th day of January, A. D. " 1765,

1772.

HOOTON
v.
GROUT.

Day the Deed was filed and recorded in the Regiftry at Worcefter. *Held* that the Record was good againft the Attachment.

any Perfon in his own proper Right in Fee fhall ftand charged with the Payment of his juft Debts, as well as his Perfonal Eftate, and be liable to be taken in Execution for fatisfying the fame. (2)

The Act of 6 Geo. 1, c. 2, fubjects the Debtor's Real Eftate to be taken in Execution to fatisfy any Judgment recovered againft him, if he doth not fatisfy it by Money or other Specie; and directs how the Value fhall be afcertained. (3)

The Act of 8 and 9 G. 2, c. 5, fubjects the Right yᵉ Mortgagor hath in Equity to redeem the Land, &c., to be attached and taken in Execution for fatisfying his Debts: (4) fo that the Whole of the Debtor's Real Eftate, and the Right he has to redeem any Real Eftate mortgaged, is, by the Laws of

---

" 1765, (the money due on faid Bond being then unpaid,) by his Deed of
" Affignment duly Executed which is in the Cafe Conveyed and Af-
" figned the faid Bond and the money due thereon & the faid Mortgaged
" premifes to Charles Ward Apthorp Efqr., that the faid Deed of
" Affignment was, on the 16th day of faid January Rec'd at Bofton by
" Timothy Paine Efq. as Regifter of Deeds for the County of Worcef-
" ter, in which faid premifes lay, for Record. That on the twenty-firft
" day of faid Month the faid John, by Virtue of a Writ duly purchafed
" by him againft the faid Nathaniel, Caufed the faid Demanded premifes
" to be attach'd as the Eftate of the faid Nathaniel for a Debt due from
" him, and afterwards on the fame day the faid Deed of Affignment was
" filed in the Office for the Regiftry of Deeds for faid County of Worcef-
" ter to be recorded, & was accordingly afterwards on the fame day there
" Recorded at length." The verdict further fet forth that judgment was
recovered and . execution regularly levied by the plaintiff on the de-
manded premifes then in the poffeffion of the mortgagor, who after-
wards paid the bond to Apthorp, and alfo conveyed to him the premifes
which were held by Grout as his tenant. On this verdict, judgment
was entered for the tenant. See note at the end of the cafe.

(2) Anc. Chart. 292.        (3) Ib. 423.        (4) Ib. 501.

of this Province, made liable to be taken in Execution for fatisfying his Debt.

1772.

Hooton
*v.*
Grout.

A Mortgage is where one borrows Money of another and pledges his Land or Tenements, &c., to the Lender, to fecure to him yᵉ Repayment, at a future Day, of the Money lent.   1 Inft. 205 a. Treat. in Eq. 86, 7, 91.   Abr. Cas. Eq. 311, 327. 3 Bac. Abr. 632, 641.   2 Black. Com. 157, 8.

This is done by the Borrower's conveying his Land, &c., to yᵉ Lender to hold to him, for a certain Number of Years or in Fee, upon Condition that if the Money, &c. be repaid by the Day, that then the Mortgagor may re-enter, &c.   3 Bac. Abr. 632.   2 Black. Com. 157, 8.

The former is called a Term, and is a Chattel Real, which doth not defcend to the Heir, unlefs it be attendant on the Inheritance, but goes to yᵉ Executor, is Legal Affets after his Entry or Recovery, and may be fold by him, without the Aid of the Court of Chancery, in England.   3 Bac. Abr. 632.   1 P. Will. 730, 1.   Or the Superiour Court here.

A Term, not attendant on the Inheritance, may, in England, on a *Fi. Fa.*, be taken and fold by a Sheriff; and, on an *Elegit*, he may deliver it to the Creditors at the appraifed Value as Perfonal Eftate, or extend it as Real.   *Comyn* vs. *Brandlyn*, Moor, 873.   2 Inft. 395 b.   4 Rep. 74.   8 Rep. 96, 171. It may be fold as well as other Goods without Appraifement.   Wood's Inft. 632.

When

When Lands or Tenements are mortgaged in Fee, the Land, &c., and the Mortgagor's whole Eftate therein paffes prefently to the Mortgagee; fo that fuch a Mortgagor, in England, has by Law Nothing left but the bare Condition. 1 Inft. 205 a. 210. Str. 689. Ca. Temp. Talb. 66, 68. 2 Cha. Ca. 97. 2 P. Will. 416.

The Mortgagor has a Right in Equity to redeem the Land, &c., at any Time within 20 Years after Forfeiture for Condition broken, if the Right be not foreclofed or releafed before; but it is only a naked Right and not liable to be taken in Execution, in England. 2 Atk. 292. Nor is it Legal Affets there. 2 Vern. 62. Though here, by Force of the Province Law, 8 & 9 G. 2, c. 5, it may be attached and taken by Execution for fatisfying the Mortgagor's Debt.

Though the Eftate of a Mortgagee in Fee is only a Fee Simple conditional at firft, and while it is uncertain whether y$^e$ Condition will be performed or not, — yet the Mortgagee has as ample and great an Eftate in the Land as if it was an abfolute Fee Simple, though it may not be fo durable. 1 Inft. 18 a.

If the Condition be not performed, the Mortgagee's Eftate in y$^e$ Land, be it an Eftate for Years or of Inheritance, becomes abfolute; and, at Law, in England, is the fame as though it had not been Conditional; and the Mortgagor could have no Relief in the Common Law Courts, untill the Stat. of 7 G. 2, c. 20, was made, which provided

that

that on Ejectment brought by the Mortgagee, &c., if the Mortgagor, &c., pay the Principal, Intereſt, &c., the Mortgagee ſhall reconvey the Eſtate to the Mortgagor, &c.; which ſhews plainly the Senſe of the Parliament, that the Legal Eſtate is in the Mortgagee; or they would not have obliged him to reconvey it to a Mortgagor in Actual Poſſeſſion of the Land; as he muſt be ſuppoſed to be, when Ejectment is brought againſt him.   2 Black. Com. 158, 9, & Stat. 7 G. 2, c. 20.

Though the Court of Chancery, upon Conſideration that the Land was at firſt intended by the Parties only as a Pledge and Security for the Repayment of the Money lent, &c., allow the Mortgagor, his Heirs, Executors, Adminiſtrators or Aſſigns, upon Payment of the Money lent, &c., to redeem the Land, though forfeited, and in the Poſſeſſion of the Mortgagee, his Heirs or Aſſigns; yet that Court alſo conſiders the Legal Eſtate in the Land mortgaged to be in the Mortgagee; and, if it be a Mortgage in Fee, that the Mortgagor has no Eſtate at all left in the Land.   1 Vern. 412.   2 Cha. Ca. 97, 187.   2 Vent. 337.

This laſt Point came directly in Queſtion before Sir Joſeph Jekyll, Maſter of the Rolls, in the Caſe of *Haſkett* vs. *Strong*, 12 G., which was thus: — Mr. How mortgages certain Lands to Neal for 500 Years; and afterward mortgages them to Haſkett in Fee.   Neal aſſigns his Term to Strong, who advanced more Money to How, and took of him a Deed of yᵉ Inheritance.   Haſkett contended that the Term was merged in the Inheritance; but his

1772.

HOOTON
*v.*
GROUT.

his Honour decreed that it was not; becaufe How, after he had mortgaged to Hafkett in Fee, had no Eftate in him to grant, and then the Term could not be merged in a void Grant of the Inheritance. Stra. 689. Lord Chancellor Talbot in 1734 made a like Decree in the Cafe of *Collet* vs. *De Gols & Ward*, — that Ward, the Mortgagee, had the legal Eftate in the Land, and that Tyffen, the Mortgagor, had no Eftate in it to convey. Ca. Temp. Talb. 66, 68.

Upon this fame Principle it is, that a third Mortgagee, without Notice, by buying in the firft Mortgage, fecures himfelf againft the fecond Mortgagee; for, being equally intituled in Equity to a Repayment of the Money lent on the third Mortgage, as the fecond Mortgagee is on his, and having by the Purchafe of the firft Mortgage obtained the legal Eftate in the Land, a Court of Equity will not take that from him, in Favour of one who has no more Equity on his Side than the third Mortgagee hath. 2 Vent. 338. 1 Vern. 187. 2 Vern. 29, 157, 159. Abr. Ca. Eq. 322. 1 Cha. Ca. 162, 201. Hard. 173, 318. Fra. Max. 64.

It alfo is upon this fame Principle, that the Mortgagee, after having received the Money due to him, is, by the Court of Equity, confidered as a Truftee to the Mortgagor, and holding the Eftate in Truft for him, untill he reconveys it to him. 3 P. Will. 252, Note. That the Heir of the Mortgagee has the Ufe and Benefit of the Land, untill it is redeemed. It defcends to him, and he holds it as a

Truftee

Truftee for y<sup>e</sup> Executor. Abr. Ca. Eq. 327. —
That, upon the Mortgagee's dying inteftate, the
Land mortgaged in Fee defcends to his Heirs, he
holds it in Truft for the Adminiftrator untill the
Money is paid. Pre. Chan. 265. Abr. Ca. Eq.
327. 3 Bac. Abr. 641. Treat. Eq. 86, 88. —
That the Mortgagee may devife the Land as Part
of his Real Eftate, and it fhall pafs accordingly.
2 Vern. 583. Ca. Eq. 3. 3 Bac. Abr. 642. 2 Burr.
978. — That, although a fecond Mortgage in Fee
is confidered as fuch, between the Parties, yet Noth-
ing paffes by it but the Mortgagor's Right of Re-
demption; and, on a third Mortgage, only the
Right of redeeming the firft and fecond Mortgages.
Abr. Ca. Eq. 312.

*Objeƈtion* 1*ft*. But it is objeƈted, that Ld. Ch.
Juft. Mansfield, in the Cafe of *Martyn & Mawlin*, B.
R. 1760, faid that " a Mortgage is a Charge upon
" the Land, and whatever would give the Money
" will carry the Eftate in the Land along with it to
" every Purpofe." " The Eftate in the Land is the
" fame Thing as the Money due upon it. It will
" be liable to Debts; it will go to Executors; it
" will pafs by a Will not executed with the Solemni-
" ties required by the Statute of Frauds. The Af-
" fignment of the Debt, or forgiving it, will draw
" the Land after it, as a Confequence. Nay, it
" would do it, though the Debt were forgiven by
" Parol; for the Right to the Land will follow,
" notwithftanding the Statute of Frauds." — And
that Lord Hardwick says, " the principal Right of
" the Mortgagee is to the Money, and the Land is
" but an Accident."

In

1772.

*Hooton*
*v.*
*Grout.*

In the Cafe of *Martyn & Mawlin*, there were but two Points confidered or determined by the Court, viz<sup>t</sup>: Firft. If the Father did, by his Will, give his Son and Daughter an Eftate Tail in a certain Clofe, mortgaged to the Father in Fee, and into which he had entered for the Condition broken, and the Mortgage had run 8 or 9 Years. Secondly. If the Son and Daughter took fuch an Eftate in the Clofe, whether it was well barred by the Surrender. And the Court determined, that the Teftator did not give his Son and Daughter an Eftate Tail in the Land, and that, if he had, the Eftate would have been well barred by the Surrender; — but it was not becaufe the Court thought the Teftator could not give his Son and Daughter the Clofe to hold as an Eftate Tail, but becaufe it appeared to the Court, upon Confideration of the whole Will, that the Teftator did not intend to give them the Land, but only the Money due upon it. For Lord Mansfield, in the Cafe, exprefsly fays, if the Reporter is not miftaken, that — " if it appeared that " the Teftator really meant and intended to devife " the Clofe, as Land, it would be a Devife of the " Land, the Mortgage being forfeited by Law, and " the Eftate in the Land become abfolute." And Lord Keeper Cowper fays, — " If a Man, feifed of " Lands in Fee which were only mortgaged to " him, devifes them to his Son and his Heirs, and " fays, they fhall go as an Inheritance, furely the " Heir, if the Mortgage be paid off, fhall receive " the Money, and not the Executor; for the Fa- " ther, who had the governing Power over the " Eftate, may difpofe of it as an Inheritance so long " as it continues fo, and y<sup>e</sup> Money, when paid off,
" fhall

"fhall go as he intended the Land fhould." Gilb. Ca. Eq. 3. That is, to y^e Heir, and not to y^e Executor.

So, a Devife to the Heir, of the Land mortgaged, will intitle the Heir to the Money, if the Land be redeemed. And, on the other Hand, if the Mortgagee give the Money due on the Land to his Daughter, and the Mortgagor pays it to her, the . Court of Chancery will oblige the Heir, to whom the Land *defcended*, to *reconvey* it to the Mortgagor; but, if he refufes to pay the Money and redeem the Land, the Court will order the Land to be fold to raife the Money for the Daughter, or conveyed to her *by the Heir*, unlefs he will foreclofe the Mortgage, pay the Money and keep the Land, as he may. 2 Vern. 67.

In this Senfe, and in this Manner, a Gift of the Money may eventually carry the Eftate in the Land, and indeed, the Land itfelf along with it. But, if Lord Mansfield faid, "that y^e Eftate in the Land is the fame Thing as the Money due upon the Land," it is not very eafy to underftand what he meant or intended thereby; for, if that be literally true, it necefarily follows, that the Money due upon the Land is the Eftate in it; which is not only abfurd, but at once deftroys the Diftinction between a Mortgage of Land for a Term only, and a Mortgage in Fee, — if it be for the fame Sum, — as the Mortgagee's Eftate, in that Cafe, muft be the fame in both; which his Lordfhip could not poffibly mean. If his Lordfhip meant that the Mortgagee's Eftate in the Land was worth no more than the
Money

1772.

HOOTON
v.
GROUT.

Money due upon the Land, that may be true. But, that the Mortgagee's Eftate in the Land will be liable to Debts, go to Executors, and pafs by a Will not executed by the Solemnities required by the Statute of Frauds is not true with Regard to Mortgages in Fee or for a Term attendant on the Inheritance. Sir Jofeph Jekyll, Mafter of the Rolls, decreed, that a Term attendant on the Inheritance would not pafs by fuch a Will; and, upon an Appeal, his Decree was affirmed by the Lords Gilbert and Raymond, as Commiffioners of the Great Seal, in the 8 G. 1 Gilb. Ca. Eq. 168. And, furely, if a Term attendant on the Inheritance will not pafs by fuch a Will, the Inheritance itfelf will not. Nor do Lands mortgaged in Fee go to Executors, but defcend to the Heir; and the Executor cannot obtain the fame without the Aid of the Court of Chancery. And then they are not Legal Affets in the Hands of the Executor, but Equitable Affets only. Thefe Propofitions, therefore, could not be intended by his Lordfhip as extending to all Mortgages, though they may be true as to Mortgages for Terms not attendant on the Inheritance. — " That the Affignment of the Debt, or the Forgiving of it, upon Parole, will draw the Land after it as a Confequence," without the Aid of the Court of Chancery, is not true, unlefs Lord Hardwick was greatly miftaken, when he faid, in the Cafe of *Harrifon* v. *Owen*, 1 Atk. 520, " That, if a Mortgagee " cancells a Mortgage, and it is found in his Poffef- "fion, it is as much a Releafe (of the Debt, he muft " mean) as cancelling a Bond; but it doth not con- " vey or reveft the Eftate in yᵉ Mortgagor; for that " muft be done by fome Deed." If affigning the

Debt

Debt or forgiving it, would reveft the Eftate in the Mortgagor, furely his paying the Money would do it; and yet the Mortgagee, after he has received the Money, is a Truftee to the Mortgagor, untill he hath reconveyed the Eftate. 3 P. Will. 252, Note.

To what End are all the Applications to Chancery to compel the Mortgagee, his Heirs or Affigns to reconvey the Eftate, if paying the Money or tendering it would reveft the Eftate in the Mortgagor? As none of thefe Points came directly in Queftion in the Cafe of *Martyn & Mawlin*, and it doth not appear that either of the other Judges concurred with Lord Mansfield in thofe Propofitions (if they ever fell from him), they cannot ftand in Competition with contrary Decrees and Determinations, regularly made upon the Points when directly in Queftion before the Court. But we have no Affurance thefe dark Sayings were ever uttered by Lord Mansfield. For the Reporter, Burrow, in his Preface, p. 8, fays, " I do not take my Notes in " Short Hand, — I watch the Senfe, rather than the " Words, and, therefore, very often ufe fome of my " own. I do not always take down the Reftrictions " with which the Speaker may qualify a Propofi- " tion, to guard againft its being underftood univer- " fally or in too large a Senfe. And, therefore, I " caution the Reader always to *imply* the Exceptions " which ought to be made, when I report fuch " Propofitions as falling from the Judges." So that it is not certain that any of the Propofitions are laid down in Lord Mansfield's own Words, nor that they were laid down without Reftrictions and Limitations;

1772.
HOOTON
*v.*
GROUT.

Limitations; and, as they are inconfiftent, — one plainly diftinguifhing between the Eftate in the Land, and the Money due upon it, and the next afferting that they are the fame Thing— and almoft all of them being inconfiftent with the Decrees and Determinations of fome of the great Men in the Nation and the conftant Courfe of the Court of Chancery, they can be of no Authority, ought not to be palmed upon Lord Mansfield, but attributed to the inaccuracy of y⁰ Reporter. Lord Mansfield certainly knew the Difference between Money and an Eftate in Land, —between a Term and an Eftate of Inheritance, — and between Legal and Equitable Affets; — which the Propofitions, as they ftand, abfolutely confound, and, therefore, are not to be regarded.

*Objection* 2*nd.* But Lord Chancellor Hardwick fays, — " The principal Right of the Mortgagee is to the Money, and the Land is but an Accident." This is, doubtlefs, true ; and no Ways inconfiftent with what his Lordfhip and others have faid refpecting Mortgages. Lord Hardwick alfo fays, " That a Mortgage is a Debt by Specialty, and the Land is regarded, in this Court, (Chancery) only as a Pledge and Security for the Payment of the Money." 2 Atk. 435, 445. In Fra. Treat. Eq. 91, it is faid, " the Principal Right of the Mortgagee is to the Mortgage-Money, and his Right to y⁰ Land is only as a collateral Security for the Payment of it," — and, in England, it always is fo, becaufe the Court of Chancery look upon a Mortgage as a general Debt, and the Land only as a Security. 2 Atk. 437. That Court confiders the borrowing the Money

Money as creating a Debt, which, in good Confcience, is due and ought to be paid: And, therefore, that Court will, fometimes at leaft, enforce the Payment of fo much as the Proceeds of the Land, when fold, fall fhort of anfwering the Debt, though there was neither Bond nor Covenant in the Deed to oblige the Mortgagor to repay the Money. Salk. 449. 3 P. Will. 360, 1. So that the Debt is confidered, in Chancery, as fubfifting independent of the Land. And the Mortgage as not effential to the Debt, but only additional and collateral Security for the Payment of it. Fra. Treat. Eq. 91.

An Accident is a Non-effential; and therefore Lord Hardwick with ftrict Propriety faid, "The Land is but an Accident," it being not effential to the Debt. But, if the Mortgagee has no Eftate in the Land, how can it be any Security to him for the Repayment of the Money lent, or how can it be faid to be pledged for the Security of the Repayment of the Money, if the Mortgagee has not the Land nor any Eftate in it, according to the legal Senfe of the Word? Surely it cannot. Where then is the Eftate? It is not in the Mortgagor; he, though in actual Poffeffion of the Land, is but Tenant at Will to the Mortgagee. *Newport's Cafe*, Skin. 424. Fra. Treat. Eq. 91. Carth. 414. Comb. 249, 250. Salk. 245, 6.

A Mortgagor in Fee, in England, has no Eftate left in the Land that can be taken from him by Execution, though all Perfonal Eftate and a Moiety of the Real may be fo taken. 2 Atk. 292.

Though

1772.

HOOTON
*v.*
GROUT.

Though a fecond or third Mortgage in Fee be confidered as a Conveyance of the Land between the refpective Parties, becaufe the Deed eftops the Mortgagor and his Heirs from faying he had not the Land, or fuch an Eftate in the Land as he hath taken upon him to grant, yet, in Fact, Nothing paffes by the fecond Deed, but y$^e$ Right of redeeming the Mortgage, or by the third than the Right of redeeming both the former.    Fra. Treat. Eq. 90.

This Right of Redemption is not Legal Affets, in England.    2 Vern. 61.    Nor are Mortgages in Fee Legal Affets in the Hands of the Executor or Adminiftrator, unlefs the Money be paid them: Nor has the Ordinary Anything to do with them, unlefs the Money be paid.    If it is not paid, the Heir may foreclofe the Mortgagor; and then the Court of Chancery will not oblige the Heir to reconvey the Land to y$^e$ Executor, if he will pay him the Money due upon it.    2 Vern. 61, 67. Fra. Treat. Eq. 91, 92.

*Objection 3rd.*    Mortgages are looked upon as Parts of the Perfonal Eftate; the Money lent coming out of the Perfonal Eftate, it ought to return there.

It is fo confidered in the Court of Chancery, unlefs the Mortgagee in his Lifetime or by his laft Will, doth otherwife declare, or difpofe of the Mortgage.    Fra. Treat. Eq. 91, 2.    But where the Mortgagee enters for a Forfeiture, and abfolutely fells the Land to J. S. and his Heirs, it fhall not be looked

looked upon in his Hands as a Mortgage fo as to make it Perfonal Eftate. 1 Vern. 271, *Cotton* v. *Iles*, 1684. So, if Mortgagee in Fee, after Forfeiture and Entry, devifes the Land to his two Daughters and their Heirs, and his other Mortgages to them and their Executors, the Daughters take the Land mortgaged in Fee as Real Eftate, difcendible to their Heirs untill it is redeemed. 2 Vern. 582. If Land mortgaged in Fee be devifed as Real Eftate, and afterwards redeemed, the Money fhall go to him to whom the Land would have gone, and not to the Executors, as Part of the Perfonal Eftate. 1 Vern. 4. 3 Bac. Abr. 642. Gilb. Ca. Eq. 3.

Charles Cox, poffeffed of a Term, mortgaged it, and died poffeffed of the Equity of Redemption of the Mortgage : — and, upon the Queftion, if this mere Equity of Redemption was Legal, or Equitable Affets only, Sir Jofeph Jekyll, Mafter of the Rolls, after taking Time to confider it, delivered his Opinion, with Solemnity, that this Equity of Redemption was Equitable Affets only ; the Mortgage being forfeited at Law, and *the whole Eftate thereby vefted in the Mortgagee.* 3 P. Will. 342.

Affets are of two Sorts, — one, by Defcent — the other, in Hand. By Defcent is where the Teftator binds himfelf and his Heirs and dies feifed of Lands in Fee Simple which defcend to his Heirs; fuch Lands are Affets by Defcent. But where one is indebted and makes an Executor and dies, leaving fufficient Eftate that by the Courfe of the Law comes into the Hands of the Executor, or Profits come

1772.
HOOTON
v.
GROUT.

come into the Hands of the Executor in Right of his Teſtator, this is called Aſſets in Hand.  Terms of Law.    2 Burn, Eccl. Law, 668.

Aſſets are also divided into Legal and Equitable. Legal Aſſets are ſuch as are liable to Debts and Legacies by the Courſe of the Law; Equitable Aſſets are ſuch as are only liable by the Help of a Court of Equity.    Ib. 669.

It has before been obſerved that the Mortgage of Land for a Term of Years is but a Chattel Real; and, unleſs attendant on the Inheritance, goes to the Executors without the Aid of a Court of Equity, and, conſequently, is Legal Aſſets as ſoon as the Executor enters or recovers it; as it may be ſold by him, without the Aid of any other.    1 P. Will. 730, 1.    3 Bac. Abr. 632.    But Mortgages in Fee are not Chattels, but Eſtates of Inheritance that may, by the Mortgagee, be granted or deviſed as Real Eſtate; and, if they are not, will deſcend to his Heir; and the Executor cannot avail himſelf thereof, without the Aid of the Court of Chancery, if the Mortgagor is not willing to redeem and there is neither Bond nor Covenant to oblige him to do it.    And, therefore, a Mortgage in Fee, as ſuch, in England, is not liable to Debts in general or Legacies, by the Courſe of the Law, as Goods and Chattels are, though ſuch Mortgages may be Aſſets by Deſcent, and make the Heir anſwerable for the Value of it, if it is not redeemed. The mortgaged Premiſes are conſidered, in Chancery, after Forfeiture, as being the Eſtate of the Mortgagee, veſted in him, and become abſolute by

the

the Forfeiture; That he, who comes into Chancery to redeem the Eftate, fhall pay the Cofts in Chancery, which are very great.    3 P. Will. 342.

The Mortgagee of a Term, though he, after Forfeiture, has the abfolute Eftate for the Term, yet cannot make it Real Eftate by devifing it as fuch; and, therefore, though it be devifed in Tail, the Executor fhall have it.    1 Roll. Abr. 915.    2 Burn's Eccl. L. 646.    And yet, a Mortgagee in Fee may confider y$^e$ Eftate as Real or Perfonal, and difpofe of it accordingly; becaufe, the Land being Real Eftate, the Mortgagee in Fee, having the Land and the whole Eftate in the Land vefted in him, may grant or devife it as Real Eftate; and it fhall pafs accordingly; and being alfo intituled to y$^e$ Money lent and due on the Land, either by Bond, or Covenant in the Deed (as is moft commonly the Cafe,) and alfo in good Confcience, the Mortgagee may give y$^e$ Money; and, if it be paid the Legatee, he fhall have it; or, if it can be recovered by the Bond or Covenant, he may get it in the Courfe of Law; or he may obtain it by the Aid of the Court of Chancery, in ordering y$^e$ Land to be fold to raife the Money, or conveyed by the Heir to the Legatee, &c.; and, in that Senfe, the Gift of y$^e$ Money may be faid to draw y$^e$ Land after it.

This evidently fhows that the Legal Eftate in the Land is in the Mortgagee, as well as a Right to y$^e$ Money which the Land is pledged as a collateral Security for the Payment of; or elfe it could not pafs by his Gift or Devife of it, as an Inheritance. Not only the Act of Parliament, but alfo the Prov.
Law,

1772.

Hooton
*v.*
Grout.

Law, 10 W. 3, c. 14, (5) fhews that the Makers of thofe Acts fuppofed that a Mortgagee in Fee had an Eftate of Inheritance which he might aliene; and, if he did not do it, that it did defcend to his Heirs. The Prov. Law provides that the Mortgagee, his Heirs, or the Tenant in Poffeffion, being the Purchafer, and holding in his own Right, upon the Mortgagor, or Vendor, or his Heirs, tendering Payment of the original Debt, &c., fhall accept the fame and reftore Poffeffion of the Land to the Mortgagor, &c., and *releafe their Right therein.* There is no Mention made of the Money being paid to ye Executor or Adminiftrator of ye Mortgagee, or their releafing their Right to ye mortgaged Premifes. The Legiflature well knew, that, after Forfeiture and Entry for the Condition broken, the Eftate was abfolutely in the Mortgagee, his Heirs or Affigns, and would remain fo forever here, unlefs they provided for the Relief of ye Mortgagor, &c.; which they did by that Act. It is the only Relief he has here, and it is a Relief given by Law. So that it is not in the Difcretion of ye Juftices of the Inferiour or Superiour Courts, whether the Mortgagor, &c., fhall, by paying the Mortgage Money, &c., redeem the Land within the Term appointed by the Act, nor whether he fhall do it after the Expiration of ye Term, as it is in the Court of Chancery. Therefore, after the Time allowed by Law for Redemption is paft, the Eftate is irredeemable, and the Mortgagee has the fame Right, Eftate and Intereft in and to the Land as if it had been granted to him at firft abfolutely and without any Condition at all. And he then

may,

---

(5) Anc. Chart. 324.

may, in every Senfe, be as properly faid to be feifed in his Demefne, as of Fee, of the Land, if it was mortgaged in Fee, as any Tenant in Fee Simple can be; and the Land may be by him fold and devifed as an Eftate in Fee Simple, and, if it is not, it will defcend to his Heirs in Fee, fubject only to his Widow's Dower, and to be fettled by the Court of Probate on one or more of the Children, as it will accommodate beft; and the Widow has not the leaft Colour nor Pretence for taking a Third of it as Perfonal Eftate, becaufe it was a Mortgage, and holding that Third as an Eftate of Inheritance, in Fee. Becaufe it is a Real Eftate, and, if she don't hold it fo, it cannot defcend to her Heirs, nor can fhe convey the Inheritance.

In England, the Common Law Courts hold, that the Eftate paffes prefently upon executing the Deed and Livery of Seifin. The Court of Chancery holds, that the Mortgagee's Eftate in the Land becomes abfolute upon the Condition not being performed. Our Law provides, that, upon the executing the Deed, acknowledging and regiftering it, the Land fhall pafs, without any other Act or Ceremony whatever; fo that the Land paffes, here, as much as if there was Livery of Seifin given, and the Mortgagor's Eftate in the Land mortgaged paffes with it, here, as much as in England. Can there, then, a Queftion arife in a Common Law Court here, whether any Eftate in the Land mortgaged paffes to the Mortgagee prefently upon the Regiftry of the Deed, when the Court of Chancery allows, that, by the Forfeiture, the whole Eftate is in the Mortgagee; and that it is abfolute; and that the Mortgagor

gagor has no Eftate left in him. Shall the Common Law Courts here fay, the Mortgagee has no Eftate in the Land? No, furely, unlefs they take it upon them to be wifer than the Law.

A Tenant in Fee Simple of Land has the largeft Eftate in it that a Subject can have. He can convey it abfolutely or conditionally, for a limited Time or forever. If he mortgages the Land for a Time only, the Fee remains in him, and the Mortgagee has the Land during the Time, if it is not redeemed, and no longer; but, if it is mortgaged in Fee, the Land and all the Mortgagor's Eftate therein paffes prefently to the Mortgagee. A Mortgagor in England has Nothing by Law left but the bare Condition, though here he has not only the Condition, but alfo a legal Right, by 10 W. 3, c. 14, to redeem the Land after Forfeiture, at any Time within three Years after Entry for the Condition broken.

The Mortgagor, continuing in Poffeffion, doth not hold the Land in his own proper Right here, any more than he doth in England, but is Tenant at Will of the Mortgagee here, as much as there; the Land therefore cannot be attached and taken in Execution as Land belonging to the Mortgagor in his own proper Right in Fee, by Force of 6 G. 1, c. 2, becaufe the Land is not his, nor has he any Eftate in it. The Right the 10 W. 3, c. 14 gives him to redeem the Land doth not give him any Eftate in it before it is redeemed and reconveyed, any more than the Right in Equity to redeem doth, in England; that is but a naked Right, and

cannot

cannot be taken by Execution there; Here, indeed, the legal Right the Mortgagor hath to redeem may be taken in Execution for fatisfying his Debts: But the Creditor cannot avail himfelf of any more than what the Land is worth, above what it is mortgaged for: If the Mortgagor's Creditor by Execution does not pay the Money due on the Land to the Mortgagee, he cannot have the Land; nor has he any Eftate in or Right to it, but upon Condition of paying the Mortgage Money, &c., to the Mortgagee.

Where the Land is mortgaged for the full Value of it or more, the Right of Redemption is not only a naked Right, but it is of no Value to the Mortgagor, cannot be attached or taken in Execution by his Creditors with any Advantage to themfelves, and, therefore, will not. In fuch Cafes, then, if the Land cannot be taken in Execution as the Mortgagee's Eftate, it will not be taken at all, but muft be exempt fo long as it is redeemable; which may be an hundred Years after the Forfeiture for the Condition broken. That, furely, will be of no Advantage to Trade or the Community.

But why may not the Land be taken as the Mortgagee's Eftate for fatisfying his Debts, as well as the Mortgagor's Right of Redemption may, for fatisfying his? If it belongs to the Mortgagee in his own proper Right in Fee, it doubtlefs may, by Force of yᵉ Province Law, 8 W. 3, c. 3. Where doth or can the Eftate in Fee in the Land veft, if it doth not in the Mortgagee in Fee? It muft be in him or the Mortgagor or in Abeyance.

It

It is plain it cannot be in the Mortgagor, nor can a Feoffment or Grant of Land in Fee annihilate the Eſtate in the Land, any more than it doth the Land itſelf. It ſerves only to paſs yᵉ Land and the Mortgagor's Eſtate in it to the Mortgagee; therefore the Eſtate in Fee cannot be in Abeyance. Then it muſt be in the Mortgagee in Fee; and that as ſoon as the Grant is made. It is not granted *in Futuro*, but *in Preſenti*. Upon the executing, acknowledging and recording the Deed, all the Mortgagor's Eſtate in the Land paſſes with it to the Mortgagee, and all the Eſtate then veſts in him, that can veſt. There is no future Act to be done by the Mortgagor or Mortgagee to make yᵉ Eſtate veſt in the Mortgagee, or to deveſt the Mortgagor of it. By the Mortgagor's performing the Condition upon which the Eſtate in the Land is granted, and the Mortgagee's acknowledging it in the Margin of the Record, the Land and the Mortgagor's former Eſtate in it, upon his Entry, will return to him, and he will be in as of his former Eſtate. That is, yᵉ Eſtate in Fee will be reveſted in yᵉ Mortgagor ſo as to avoid all meſne Incumbrances. But, if the Condition be not performed, nor the Land redeemed within the Time limited by Law, the firſt Grant remains in Force, and the Eſtate at firſt granted to yᵉ Mortgagee remains and continues in him without any Increaſe of Eſtate at all. Though the Land be irredeemable, the Mortgagee's Eſtate in the Land is not enlarged, though it may be more certain and durable, as Lord Coke ſays. 1 Inſt. 18. And it is evident that yᵉ Makers of yᵉ Stat. 4 and 5 W. 3, c. 16, ſo underſtood it, when they provided that a ſecond Mortgagee, without Notice of

the

the firſt, ſhould hold the Land for ſuch Eſtate and Term therein, as was granted to him againſt the Mortgagor, &c., freed from yᵉ Equity of Redemption as fully as if yᵉ Land had been purchaſed abſolutely and without Liberty of Redemption. See yᵉ Stat. or 3 Bac. Abr. 648.

No poſſible Inconvenience can attend the attaching and taking in Execution the Lands mortgaged for ſatisfying yᵉ Mortgagee's Debts, as to yᵉ Mortgagee, beyond what would attend yᵉ taking his other Real Eſtate in Execution. Nor will any other Inconvenience attend the Mortgagor than doth every Purchaſer of Real Eſtate: He may redeem it as well after it is taken in Execution as before. If the Whole is taken in Execution and the Year is elapſed, the Land is become irredeemable by yᵉ Mortgagee; and then, if yᵉ Mortgagor pays yᵉ Money to yᵉ Creditor by Execution, who, in Fa&, holds the ſame as a Purchaſer, his Reconveyance of yᵉ Eſtate to yᵉ Mortgagor is ſufficient. If but Part of yᵉ Land is taken, and the Mortgagor would redeem, the Mortgagee and his Creditor may together, on Payment of yᵉ Money, reconvey yᵉ Eſtate. If they will not do it, yᵉ Mortgagor may file his Bill againſt them, and upon lodging yᵉ Money in Court, they muſt reconvey yᵉ Land to yᵉ Mortgagor, or he will have Judgment and Execution for Poſſeſſion of it.

It is true, the Mortgagor may pay yᵉ Money to yᵉ Mortgagee, after his Creditor has attached the Land for his Debt, without yᵉ Mortgagor's knowing it is attached, and thereby loſe his Money: And
ſo

fo a Purchafer may purchafe Land after it is attached, and thereby lofe his Money; but that has never been thought fufficient to prevent a Debtor's Land being attached and taken in Execution for fatisfying his Debts.

It might be of Advantage to make fuch Attachments more public, by certifying them to the County-Regifter, or otherwife. If Lands mortgaged could not be taken for yᵉ Mortgagee's Debts, not only the Land will be exempt, but yᵉ Money alfo. For, as our Mortgages in general are without any Bond, or Covenant in the Deed, the Money cannot, upon the Mortgagee's abfconding, be attached in Hands of the Mortgagor; for here fuch a Mortgage is only a Conditional Sale, and none of the Executive Courts can compel the Mortgagor to repay the Money. 3 Bac. Abr. 638, 9. Cro. Jac. 281. Yelv. 206. 2 D'Anv. Abr. 53.

Though it may be a Debt in Confcience, neither the Juftices of the Inferiour Court or Superiour Court have, by Force of the Prov. Law 10 W. 3, c. 14, the Power of the Court of Chancery in fuch Cafes. Their Power is limited. All the Power they have for determining Cafes in Equity is given them by that Act, and the obliging a Mortgagor to redeem the Land comes neither within the Words nor Meaning of the Act. So that, if the Land cannot be taken as Mortgagee's Eftate to fatisfy his Debts, he may have Ten or a Hundred Thoufand Pounds fecured to him by the Mortgage, which his Creditors, by no Poffibility, can come at; he may fhut himfelf up and bid Defiance to them all.

Surely

Surely this is not to be endured, if it can poffibly be avoided: Much lefs fhould firft Principles of Common Law, Judgments and Determinations of the Common Law Courts and Courts of Chancery alfo, be fet at Nought and difregarded in Order to fubject Creditors to fo great an Evil.

It has been objected, that, if the whole Eftate in the Land is in the Mortgagee in Fee, all after Deeds of Conveyance of the Land, made by the Mortgagor, muft be void and ineffectual to pafs the Land to the Purchafer or give him any Eftate in it, and all fuch Purchafers muft lofe the Land they have paid their Money for, and fuppofed they held in Fee Simple.

This was faid without due Confideration, — for, although Nothing doth, in Fact, pafs by fuch after Deed, but y<sup>e</sup> Mortgagor's Right of Redemption, yet, as between the Grantor and Grantee, it is a good Grant of the Inheritance. It enables the Purchafer to redeem the Land, obtain Poffeffion thereof and a Releafe of the Mortgagee's Right and Intereft in and unto the fame. By the Mortgagee's releafing to the Purchafer in actual Poffeffion of the Land, the Eftate which the Mortgagee had in the Land paffes to the Purchafer, and he thereby becomes feifed in Fee of the Land.

If the fecond Deed be made before the Time appointed in the Mortgage Deed for the Payment of the Money, and the Money is paid at the Day, and the Mortgagee acknowledges the Payment thereof on y<sup>e</sup> Record, that, by the Prov. Law 9 W. 3,

3, c. 8, difcharges the Mortgage and bars all Action thereon, (6) fo that neither the Mortgagee, his Heirs or Affigns can demand or recover the Land; and the Eftate in Fee which he had in the Land paffes to the Purchafer with the Land, or revefts in the Mortgagor : If it paffes to the Purchafer, he has it directly: — If it reveft in the Mortgagor, his fecond Deed eftops him and his Heirs from demanding the fame ; for, as between the Parties to that Deed, it is a Conveyance of the Inheritance, and the Grantor and his Heirs, at leaft, are eftopped to fay the Contrary ; and the Purchafer being in Poffeffion of the Land, and the fecond Deed being acknowledged and regiftered, the original Mortgagor cannot grant or convey the Land to another; and fo the Purchafer will thereby be quieted in the Poffeffion of the Land, and it will defcend from him to his Heirs, as an Inheritance.

Such Purchafers, therefore, are in no Danger of lofing their Eftates by the Court's determining, that a Mortgagee in Fee has an Eftate in Fee in the Land mortgaged, as not only the Common Law Courts, but alfo the Courts of Equity have before done.

---

#### Note.

The foregoing opinion is by Judge Trowbridge, the original MS. in his handwriting, though without title, having been found among his law papers, to which the editor was allowed accefs by the kindnefs of E. T. Dana, Efq. The fame point was decided in *Symes* v. *Hill, ante,* 318, and, among John Adams's papers, we find minutes of this

---

(6) Anc. Chart. 304.

this opinion, and of the arguments of counfel, under the joint title " *Symes* vs. *Hill & Hooton* vs. *Grout*,"—fuggefting the probability that both cafes were argued together, fo far as they were fuppofed to depend on this queftion of the liability of mortgaged eftates to attachment. But it would feem that the latter cafe muft have been in fact decided on the firft point raifed by the fpecial verdict, — viz., the effect of the leaving the affignment for record, — as the only other ground for judgment for the defendant would have been that the eftate of a mortgagee was *not* attachable. Such we might have thought the decifion in the cafe, overruling *Symes* v. *Hill*, and that this opinion of Trowbridge was a differing one, but for the facts above mentioned tending to fhow that the cafes were argued together and that this opinion was the refult, although the point was neceffarily decided in the cafe of *Symes* v. *Hill* alone.

The law in this commonwealth has long been fettled in oppofition to the doctrine here laid down. 13 Mafs. 207. 16 Mafs. 345. 3 Pick. 484. Another opinion upon the fame point by Judge Trowbridge, of which the original alfo remains among his papers, is publifhed in the fupplement to 8 Mafs. 551.